# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| MICHAEL GENE BELFIELD, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 4:15CV1063 RLW |
| MICHAEL S. BOWERSOX, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

### Background

Petitioner was found guilty by a jury of murder in the first degree and armed criminal action on May 17, 2006. The Circuit Court for Franklin County sentenced petitioner to life without parole on the murder count and three years' imprisonment on the armed criminal action count, to be served concurrently, on July 17, 2006. *See State v. Belfield*, Case No. 03CR332506 (20th Judicial Circuit, Franklin County). Petitioner filed a direct appeal of his conviction and sentence with the Missouri Court of Appeals immediately after his conviction and sentence. His appeal was denied by the appellate court on August 7, 2007. *See State v. Belfield*, 230 S.W.3d 635 (Mo.Ct.App. 2007).

On January 8, 2008, petitioner filed his motion to vacate his conviction pursuant to Missouri Supreme Court Rule 29.15. *See Belfield v. State*, Case No. 08AB-CC00009 (20th Judicial Circuit, Franklin County). The Court denied petitioner's motion as untimely on February

1

1, 2008. Petitioner filed various motions for reconsideration of the dismissal of his motion to vacate, which the trial court denied. *Id.* Petitioner then filed an appeal of the denial of his motion to vacate, on March 28, 2009. Petitioner failed to follow the rules of appellate procedure, and it was dismissed by the appellate court on September 24, 2008. *See Belfield v. State*, Case No. ED91156 (Mo.Ct.App. 2008).

On July 6, 2009, petitioner filed, in the trial court, a motion to reinstate his original Rule 29.15 motion. In that motion he alleged, for the first time, abandonment of counsel in the post-conviction process. On July 14, 2009, the trial court denied petitioner's motion. *Belfield v. State*, Case No. 08AB-CC00009 (20th Judicial Circuit, Franklin County).

Petitioner appealed the denial of his motion to reinstate the motion to vacate, on August 19, 2009. *See Belfield v. State*, Case No. ED93559, 307 S.W.3d 680 (Mo.Ct.App. 2010). The case was submitted on the briefs for a finding on petitioner's abandonment of counsel defense, and the trial court's findings were affirmed on March 16, 2010. Petitioner's motion for hearing/transfer to the Missouri Supreme Court was denied on April 19, 2010. *Id.* The mandate was issued on May 11, 2010.

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing the current application in the mail on July 1, 2015.

## Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012); Mo. S. Ct. R. 83.02. Accordingly, petitioner's judgment of conviction here became final on August 22, 2007, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal.

The one-year limitations period was tolled, however, during the pendency of petitioner's post-conviction proceedings, that is, from January 8, 2008, through February 1, 2008 and again from August 19, 2009 through May 11, 2010. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate). However, the days in between the times petitioner was going through the post-conviction process were not tolled. *See,*

3

*e.g., Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005) the period between the finality of his judgment and the application for post-conviction relief must be counted toward the one-year limitations period); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 854 (8th Cir. 2003).

Totaling the aforementioned days of between August 22, 2007 and January 8, 2008; and the days between February 2, 2008 and August 18, 2009; and May 11, 2010 and the postmark date of July 1, 2015, 2579 days had elapsed prior to the date the petition was placed in the prison mailbox.

As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred, as petitioner's application for writ of habeas corpus was filed more than seven (7) years past the statute of limitations. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

**IT IS FURTHER ORDERED** that petitioner's motion for a copy of his petition and exhibits is [Doc. #5] **DENIED**, as these documents number over a hundred pages in length.

Dated this 8th day of October, 2015.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE