UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL GENE BELFIELD, )
)
Petitioner, )
)
v. ) No. 4:15CV1063 RLW
)
MICHAEL S. BOWERSOX, )
)
Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

### Background

Petitioner was found guilty by a jury of murder in the first degree and armed criminal action on May 17, 2006. The Circuit Court for Franklin County sentenced petitioner to life without parole on the murder count and three years' imprisonment on the armed criminal action count, to be served concurrently, on July 17, 2006. *See State v. Belfield*, Case No. 03CR332506 (20th Judicial Circuit, Franklin County). Petitioner filed a direct appeal of his conviction and sentence with the Missouri Court of Appeals immediately after his conviction and sentence. His appeal was denied by the appellate court on August 7, 2007. *See State v. Belfield*, 230 S.W.3d 635 (Mo.Ct.App. 2007).

---

[1] On October 8, 2015, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

1

On January 8, 2008, petitioner filed his motion to vacate his conviction pursuant to Missouri Supreme Court Rule 29.15. *See Belfield v. State*, Case No. 08AB-CC00009 (20th Judicial Circuit, Franklin County). The Court denied petitioner's motion as untimely on February 1, 2008. Petitioner filed various motions for reconsideration of the dismissal of his motion to vacate, which the trial court denied. *Id.* Petitioner then filed an appeal of the denial of his motion to vacate, on March 28, 2009. Petitioner failed to follow the rules of appellate procedure, and it was dismissed by the appellate court on September 24, 2008. *See Belfield v. State*, Case No. ED91156 (Mo.Ct.App. 2008).

On July 6, 2009, petitioner filed, in the trial court, a motion to reinstate his original Rule 29.15 motion. In that motion he alleged, for the first time, abandonment of counsel in the post-conviction process. On July 14, 2009, the trial court denied petitioner's motion. *Belfield v. State*, Case No. 08AB-CC00009 (20th Judicial Circuit, Franklin County).

Petitioner appealed the denial of his motion to reinstate the motion to vacate, on August 19, 2009. *See Belfield v. State*, Case No. ED93559, 307 S.W.3d 680 (Mo.Ct.App. 2010). The case was submitted on the briefs for a finding on petitioner's abandonment of counsel defense, and the trial court's findings were affirmed on March 16, 2010. Petitioner's motion for hearing/transfer to the Missouri Supreme Court was denied on April 19, 2010. *Id.* The mandate was issued on May 11, 2010.

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing the current application in the mail on July 1, 2015.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner

is not entitled to relief. Under 28 U.S.C. § 2244(d) a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012); Mo. S. Ct. R. 83.02. Accordingly, petitioner's judgment of conviction became final on August 22, 2007, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal.

The one-year limitations period was tolled, however, during the pendency of petitioner's post-conviction proceedings, that is, from January 8, 2008, through February 1, 2008 and again from August 19, 2009 through May 11, 2010. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate).

However, the days in between the times petitioner was going through the post-conviction process were not tolled. *See, e.g., Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005) (the period between the finality of his judgment and the application for post-conviction relief must be counted toward the one-year limitations period); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 854 (8th Cir. 2003).

Totaling the aforementioned days between August 22, 2007 and January 8, 2008; and the days between February 2, 2008 and August 18, 2009; and May 11, 2010 and the postmark date of July 1, 2015, approximately **2579** days had elapsed prior to the date the § 2254 petition was placed in the prison mailbox.

Petitioner argues that he should be given the benefit of equitable tolling for some part of the two-thousand days because he obtained the services of someone he "believed to be counsel" for his collateral proceedings and he further believed that the alleged counsel had filed a timely motion for post-conviction relief in the trial court on his behalf. The Court notes that petitioner made the same argument in front of the trial court and the Missouri Court of Appeals, seeking to reinstate his post-conviction proceedings under Rule 29.15. Neither court found the argument availing.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

In this case, in an attempt to qualify for equitable tolling, petitioner asserts that he believes he hired Jeffrey Tedrick[2] to represent him in his collateral proceedings. However, this Court has reviewed both the state court record, as well as petitioner's own files that he has proffered before

---

[2] As petitioner is aware, Mr. Tedrick was never a licensed attorney in the State of Missouri. In fact, he was sentenced in this Court in 2009 for mail fraud. He was housed in the Missouri Department of Corrections at various times between the years 1998 and 2007, where he falsely represented to various inmates that he was a disbarred attorney and that he had the possibility of having his license restored upon his release. *See United States v. Tedrick*, 4:09CR476 CDP (E.D.Mo.).

4

this Court and found that there is nothing in the record indicating that he should qualify for equitable tolling in this instance. In fact, the Missouri Appellate Court reviewed petitioner's assertions relating to these specific arguments and found the same.

For example, as found by the Missouri Appellate Court, an attempt was made by **petitioner** (and not his alleged counsel) to file an unverified motion for relief under Rule 29.15, on January 8, 2008, which fell well after the December 4, 2007 deadline for filings for post-conviction relief in the trial court.[3] *See Belfield v. State*, 307 S.W.3d 680, 683, No. ED93559 (Mo.Ct.App. 2010). Thus, there is no indication petitioner was under the illusion that he was being represented by counsel at that time. In fact, every filing done by petitioner was signed by him, pro se.

Moreover, petitioner was aware that Mr. Tedrick was not an attorney at the time he purportedly asked him to "represent him." In his appendix to his post-conviction appeal, as well as in his filings before this Court, petitioner filed newspaper articles showing that Mr. Tedrick once pled guilty to fraud for posing as an attorney. It also mentions that he and Mr. Tedrick came to know one another while they were both incarcerated and that Mr. Tedrick told petitioner that he was a **disbarred corporate attorney**. It is objectively unreasonable to rely on the advice of an attorney who discloses he is disbarred and who indicates that he did not even work in the area of law under which the petitioner needed assistance. Thus, the Court finds that petitioner cannot claim that he was "abandoned by counsel"[4] or make some vague assertions of ineffective assistance of counsel to allow for equitable tolling in this instance.

---

[3] A motion for post-conviction relief relating to the appeal of a criminal judgment or sentence must be filed "within 90 days after the mandate of the appellate court is issued affirming such judgment or sentence." Missouri Supreme Court Rule 29.15(b).

4 The Missouri Court of Appeals found no "abandonment by counsel," and this Court must give

5

The Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt*, 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Additionally, even if the Court were to take petitioner's assertions at face value, he has not explained how Mr. Tedrick's failure to timely file petitioner's motion to set aside his conviction in the Missouri trial court, would have led to him filing his § 2254 petition more than **2214** days late in this Court.

For example, petitioner has completely failed to account for the four-year time lapse between the appeal of his post-conviction motion to the Missouri Supreme Court and the filing of his § 2254 petition in this Court. Petitioner had every opportunity to pursue his post-conviction proceedings and his § 2254 proceedings in a diligent and timely manner; nonetheless, he failed to do so. As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244.

Accordingly,

---

deference to that ruling. *See Belfield v. State*, 307 S.W.3d 680, 683, No. ED93559 (Mo.Ct.App. 2010).

**IT IS HEREBY ORDERED** that that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that petitioner's request for injunction barring his transfer is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of January, 2016.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE